IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FARESHA SIMS,

    Plaintiff,

v.

UNIVERSITY OF MARYLAND MEDICAL
SYSTEM CORPORATION, et al.,

    Defendants.

Case No. 1:19-cv-00295-CCB

## PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND WAIVER OF ALL DEFENDANTS' OBJECTIONS

Plaintiff Dr. Faresha Sims, by undersigned counsel, respectfully submits Motion to Compel Responses to Interrogatories and Requests for Production of Documents pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii)(iv) and 37(a)(4) and Local Rule 104.8 seeking an order to compel Defendants to provide a response. Local Rule 104.8 states, in relevant parts, that motions to compel where no responses have been served "shall be filed with the Court and treated as any **non-discovery motion**." (bold underline emphasis added). Plaintiff also moves this Court to waive all of Defendants' objections to the above requests for all the reasons herein.

Defendants, University of Maryland Medical System ("UMMS"), University of Maryland Medical Center ("UMMC"), Lisa Rowen ("Rowen"), and Linda Goetz ("Goetz"), have all failed to respond to discovery requests as explained below. Plaintiff adds some asserted bases to unanswered Interrogatories in red ink on Attachment 1 to avoid overloading this motion with 64 unanswered Interrogatories. Plaintiff only adds this to Defendants UMMS and UMMC because the pattern of boilerplate objections is blatantly obvious for each and all Defendants. Defendants provided only boilerplate objections to the Requests for Documents. Defendants did not produce a single document. Their failure to respond is undisputed. Those verbatim requests and responses are within Attachment 2.

**GOOD FAITH CERTFICATION**

The undersigned counsel certifies that counsel for both parties participated in a conference of counsel as required by Fed. R. Civ. P. 37(a)(1) and Local Rule 104.7. Undersigned counsel certifies the following:

1. Conferring of counsel took place by telephone on March 4, 2020 at 11:30 a.m. EST. Counsel in attendance were Jocelyn Cuttino (Defense), Andrea Threet (Defense), and undersigned counsel (Jamie Travis for Plaintiff). The conference was held by telephone due to parties' counsel residing in different states.

2. Plaintiff emailed Defendants a good faith letter (Attachment 3) prior to the telephone conference. The parties were unable to resolve the dispute after both a good faith letter and teleconference.

3. The issues requiring resolution by this Court within this Motion to Compel are itemized below:

    (a) Defendants' responses to all of Plaintiff's Interrogatories and Requests for Production of Documents were outstanding because none of the responses had the proper signatures required by Rules 26(g) and 33(b)(3) of the Federal Rules of Civil Procedure, thus Plaintiff considered the responses not served pursuant to Rule 26(g)(2).

    (b) Almost all of Defendants' responses were absent, evasive, or incomplete thus constituted a failure to respond.

    (c) Almost all of Defendants' objections were boilerplate and lack specificity or particularization.

    (d) All of Defendants' objections are untimely, thus should be waived pursuant to caselaw, and local and federal rules.

**BACKGROUND**

On January 1, 2019, Plaintiff Dr. Faresha Sims filed *pro se* the Complaint. On April 3, 2019, Defendants filed motions to strike the probable cause investigative findings from the administrative agency and to dismiss the majority of Plaintiff's claims. On December 10, 2019, this Court granted Defendants' motion to strike and wholly denied their motion to dismiss. This Court entered a scheduling order for this case on January 8, 2020. Defendants were granted three extensions of time to file answers to the Complaint and ultimately filed their answers after the deadline expired. On January 10th and 20th of 2020, Plaintiff propounded written discovery to all Defendants. Five days before Defendants were required to produce a response to some of Plaintiff's propounded written discovery, Defendants requested an extension of time to March 2, 2020. Plaintiff opposed for good reasons which included prejudice to Plaintiff and Defendants' consistent dilatory or bad-faith conduct. Defendants replied, "[a]llowing Defendants additional time to ensure complete and accurate responses will permit discovery to be completed in a more just and speedy manner because it will avoid unnecessary discovery disputes about potentially incomplete responses. As such, Defendants respectfully request an extension to March 2, 2020 to respond to Plaintiff's **outstanding** requests." (ECF 57) (bold underline emphasis added). This Court granted Defendants' request on February 10, 2020 and ordered (ECF 58) Defendants' responses due by March 2, 2020. At this time, Defendants' responses are again outstanding. For whatever reason, Defendants have allowed deadlines to lapse three times in this case: (1) January 14, 2020; (2) February 10, 2020; and March 2, 2020.

Two days after discovery commenced Plaintiff propounded Defendants with Plaintiff's written discovery to ensure Plaintiff received responses in sufficient time to conduct oral discovery tailored and particularized to Defendants' responses. Plaintiff receiving complete responses to her written discovery prior to her conducting oral depositions is critical to her case especially since the

3

scheduling order provides only 43% of the total deposition hours implicated by Rule 30 of the Federal Rules of Civil Procedure. Defendants opposed Plaintiff's request to have the total amount of deposition hours indicated by Rule 30 because "…Plaintiff has not shown that the testimony she seeks cannot be obtained through her written discovery requests—a much less burdensome option." (ECF 47, page 3). Defendants are stonewalling Plaintiff by withholding full and complete responses to Plaintiff's written discovery requests, and violating the spirit and purposes of the discovery rules.

**COURT ORDERED DEFENDANTS' RESPONSES BY MARCH 2, 2020**

On February 5, 2020, Defendants filed a letter (ECF 53) with this Court requesting an extension of time. Plaintiff opposed and stated reasons an extension of time would prejudice Plaintiff, and highlighted Defendants' dilatory conduct or bad-faith. Defendants replied, "[a]llowing Defendants additional time to **ensure complete and accurate responses** will permit discovery to be completed in a more just and speedy manner because it will avoid **unnecessary discovery disputes** about potentially **incomplete responses**. As such, Defendants respectfully request an extension to **March 2, 2020** to respond to Plaintiff's **outstanding** requests." (bold emphasis added). This Court granted Defendants request for an extension of time and ordered that Defendants respond to all propounded written discovery by March 2, 2020 (ECF 58). During that extension of time, Defendants *propounded* written discovery upon Plaintiff, but let their due responses lapse.

On March 2, 2020 at 10:03 p.m. EST, Defendants emailed their responses which none were properly executed. Defendants did not produce a single document in response to Requests for Production of Documents. Almost all of Defendants' responses were incomplete or absent. On March 3, Plaintiff sent Defendants a good faith letter. On March 4, the conference of counsel was held and parties were unable to reach an agreement.

Plaintiff is entitled to seek sanctions against Defendants pursuant to Rule 37(b)(2)(A) for not obeying this Court's order. Plaintiff maintains her assertion that her case is prejudiced by

Defendants' gamesmanship. The scheduling order set a timeline of four months to conduct all discovery. Only two months of discovery remain and Defendants have not provided full and complete responses to Plaintiff's written discovery.

**DEFENDANTS' EXPIRED RESPONSES TO PLAINTIFF'S INTERROGATORIES**

### I. Interrogatories Not Signed Under Oath

Rule 33(b) of the Federal Rules of Civil Procedure states, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Interrogatory responses that are not properly executed are tantamount to no responses at all. *Steven Garber & Associates v. Eskandarian*, 59 Cal.Rptr.3d 1, 150 Cal.App.4th 813 (2007). "Producing unsigned Answers to Interrogatories is not acceptable. If a party fails to timely serve objections and responses to discovery requests, the party waives any objections unless the Court finds good cause to excuse the failure to respond. Fed. R. Civ. P. 33(b)(4)." *Thomas v. Mars, Inc.*, Civil Action No. PJM-16-3507 (D. Md. Sep. 8, 2017).

Defendants UMMS and UMMC did not provide any answers under oath— neither Defendant has a party signature on its answers. Defendants Rowen and Goetz purports to provide answers under unsworn oath, but they also did not provide answers under any oath.

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, or proved by sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: (1) If executed without the United States:…(2) If executed within the United States… 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

U.S. Code §1746 *Unsworn declarations under penalty of perjury*. It is obvious that no Defendant provided answers under sworn or unsworn oath. Unsworn oath, as defined by law, must state that it is under the penalty of perjury and does not include qualifiers or disclaimers like those that Rowen and Goetz included. Plaintiff does not argue under which of the oaths, sworn or unsworn, Defendants must provide answers. Plaintiff argues Defendants' answers must be signed under oath. They were not. For that reason, among others, Plaintiff does not consider Defendants to have served answers to Interrogatories. Rule 26(g) of the Federal Rules of Civil Procedure states, "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court **must** strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." (bold emphasis added). On March 3, Plaintiff sent a good faith letter to all that none of the Defendants' answers had proper signatures. Defendants answers to Interrogatories are outstanding by eight days.

## II.  Boilerplate Objections to Interrogatories

Rule 33(b) of the Federal Rules of Civil Procedure states, "[t]he grounds for objecting to an interrogatory must be stated with specificity." Each Defendant's objections are boilerplate and lack specificity. Each Defendant objected to "Plaintiff's definitions and instructions" yet Plaintiff did not propound any definitions or instructions. Each Defendant provided a "general objections" section in which each Defendant objected "generally to Plaintiff's Interrogatories." All, or almost all, of Defendants' answers contain objections lacking specificity, and does not state if anything is withheld based on the objection. That is improper. "Any objections to the interrogatories will be stated with particularity. Boilerplate objections (e.g., objections without a particularized basis, such as 'overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence'), as well as incomplete or evasive answers will be treated as a failure to answer." *Cook v. Nationwide Ins. Co.*, 2013 U.S. Dist. LEXIS 143237, *42-43 (D. Md. 2013).

### III. Defendants' Itemized Boilerplate Objections to Interrogatories

<u>Defendant Linda Goetz</u>

**Objections.** Goetz objected to definitions and instructions that did not exist. She provided a full page of "general objections". Defendant Goetz provided boilerplate objections to 20 of 25 questions or 80%; interrogatories # 1-10, 12, 14-17, 19-24. Almost all of her answers were "subject to and without waiving the foregoing objection" which is entirely improper.

<u>Defendant Lisa Rowen</u>

**Objections.** Rowen objected to definitions and instructions that did not exist. She provided a full page of "general objections". Defendant Rowen provided boilerplate objections to 19 of 25 questions or 76%; interrogatories # 1-2, 4-9, 11, 13-14, 16-23. Almost all of her answers were "subject to and without waiving the foregoing objection" which is entirely improper.

<u>Defendant UMMC</u>

**Objections.** UMMC objected to definitions and instructions that did not exist. UMMC provided a full page of "general objections". Defendant UMMC provided boilerplate objections to 15 of 25 questions or 60%; interrogatories # 1-10, 12, 14-17, 19-24. Almost all of UMMC's answers were "subject to and without waiving the foregoing objection" which is entirely improper.

<u>Defendant UMMS</u>

**Objections.** UMMS objected to definitions and instructions that did not exist. UMMS provided a full page of "general objections". Defendant UMMS provided boilerplate objections to 20 of 25 questions or 80%; interrogatories # 2-4, 6-9, 11-21, 23, 25. Almost all of UMMS's answers were "subject to and without waiving the foregoing objection" which is entirely improper.

### IV. Waiver of Objections to Interrogatories

Rule 33(b) of the Federal Rules of Civil Procedure states, "[t]he responding party must serve its answers and objections within 30 days after being served with the interrogatories….The grounds

7

for objecting to an interrogatory must be stated with specificity. Any ground not stated in a **timely** objection is waived unless the court, for good cause, excuse the failure...." (bold emphasis added). Defendants have had 60 days to provide answers to Plaintiffs' Interrogatories. All Defendants have allowed their answers to become outstanding **twice** within this time. For any of the reasons herein, Plaintiff respectfully asks this Court to waive all of Defendants' objections to Plaintiff's Interrogatories. "[T]he boilerplate objection to Plaintiff['s] interrogatory waived any legitimate objection Defendant [] may have had... The same is true for the boiler plate objections to Plaintiff['s] document production requests." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, at 364 (D. Md. 2008).

**DEFENDANTS' EXPIRED RESPONSES TO REQUEST FOR DOCUMENTS**

### I. Not A Single Document Produced

Defendants did not produce a single document. On March 2, 2020, deadline date for Defendants' responses, at 10:03 p.m. EST, Defendants emailed stating, "Prior to our production of documents, please confirm that you will agree to the District of Maryland's form confidentiality order, attached." This was not a court's order but a generic form on this Court's website that parties may use if they agree to stipulate to entry of a confidentiality agreement. Notwithstanding the fact that this was the first mention of a confidentiality order to Plaintiff, it is wholly inappropriate and potentially sanctionable to withhold discovery especially for an issue broached at almost midnight on the day of the deadline. Defendants conveyed that they had responsive documents to Plaintiff's discovery request but withheld them contingent upon Plaintiff agreeing to enter into a confidentiality order with Defendants. The burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted. *Finley v. Trent*, 955 F. Supp. 642, 648 (4th Cir. 1997). Defendants' desire for entry of a confidentiality order does not toll their deadline for discovery responses. Notably, Defendants failed to produce documents that they

did not object to on the grounds of confidentiality. At this time, Defendants have not produced a single document and their responses are outstanding by eight days. This is the second time Defendants have allowed these responses to become outstanding. Defendants have had 50 days to produce documents and have not produced a single document.

## II. Boilerplate Objections to Requests for Documents

When a party refuses to produce documents during discovery on the basis that they are privileged or protected, it has a duty to particularize that objection within the 30-day time period provided for discovery responses. Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 34(b)(2). The burden is on the party resisting discovery to show that the documents are protected. *United States v. (Under Seal)*, 748 F.2d 871, 876 (4th Cir. 1984). Local Rule Appendix A Guideline 10(d) states,

> In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted objecting to any interrogatory, document request, or part thereof, and information is not provided on the basis of such assertion: i. The party asserting the privilege shall, in the objection to the interrogatory, document request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed....iii. The above information should be provided separately for each document for which privilege/protection is asserted....iv. Failure to do so may result in a determination by the Court that the party asserting the privilege or work product protection has failed to particularize it as required by Fed. R. Civ. P. 26(b)(5), resulting in the waiver of any privilege/protection that has been claimed.

## III. Defendants' Itemized Boilerplate Objections to Document Requests

### Defendant Linda Goetz

**Objections.** Goetz objected to definitions and instructions that did not exist. She provided a full page of "general objections". Defendant Goetz provided boilerplate objections to 29 of 30 requests or 96%; all requests except # 3.

### Defendant Lisa Rowen

**Objections.** Rowen objected to definitions and instructions that did not exist. She provided a full page of "general objections". Defendant Rowen provided boilerplate objections to 30 of 30 requests or 100%.

9

Defendant UMMC

**Objections.** UMMC objected to definitions and instructions that did not exist. UMMC provided a full page of "general objections". Defendant UMMC provided boilerplate objections to 29 of 30 requests or 96%; all requests except # 25.

Defendant UMMS

**Objections.** UMMS objected to definitions and instructions that did not exist. UMMS provided a full page of "general objections". Defendant UMMS provided boilerplate objections to 25 of 26 requests or 96%; all requests except # 22.

### III. Waiver of Objections to Requests for Documents

If Defendants believed the requested documents to be objectionable, Defendants should have moved for a protective order from the Court or provided specific and articulate objections to such requests instead of general and boilerplate objections. Defendants also could have raised a proper privilege objection as prescribed by Fed. R. Civ. P. 26(b) and Local Rule Appendix A Guideline 10. Boilerplate objections to discovery requests, including for documents, are inappropriate. "Under Rule 34, failure to make particularized objections to document requests constitutes a waiver of those objections." *Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006). General objections do not fulfill Defendants' obligation to provide specific timely objections. Defendants did not provide any specific objections but only generalized baseless objections which are insufficient and thus should be waived. See *Webb v. Green Tree Servicing LLC*, 2012 U.S. Dist. LEXIS 104953, at *5 (D. Md. July 2012) (Boilerplate "objections clearly disregard the requirement, stated in the Federal Rules of Civil Procedure, this Court's Local Rules, and ample case law, that objections to document production requests must be specific, non-boilerplate, and supported by particularized facts and that failure to do so waives the objections."

Defendants' contention that a confidentiality order is needed prior to them following the federal and local rules of discovery and this Court's order does not stay discovery or this Court's order. Accordingly, all Defendants' objections to requests for documents should be waived. See *Mezu v. Morgan State University*, 269 F.R.D. 565 at 573-574 (D. Md. 2010) (holding that defendant waived objections to discovery requests because defendant failed to provide specific objections supported by particularized facts). "All objections to document production requests must be stated with particularity and specificity; objections may not be 'boilerplate.'" *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 360 (D. Md. 2012) (quoting *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005)). Defendants have failed to particularize their objections, and their responses are "plainly deficient." *Webb v. Green Tree Servicing LLC*, ELH-11-2105, 2012 WL 3139551 at *2 (D. Md. July 27, 2012). In *Webb*, the court ordered the party to show cause within fourteen days why it should not be sanctioned for its boilerplate objections to document requests. 2012 WL 3139551, at *5.

**FAILURE TO ANSWER OR RESPOND**

Defendants' answers and responses are outstanding for any or all the reasons stated in this motion. Notwithstanding, Plaintiff will preemptively discuss the responses Defendants purport to have served. Notably, Defendants objected to 74% of Interrogatories and 97% of Requests for Documents but never stated whether answers or documents were withheld. That is a requirement.

Plaintiff is only addressing in this motion those requests that Defendants failed to answer or respond. Rule 37(a)(4) states, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." A party may not provide deftly worded conclusory answers to interrogatories to evade answering explicit questions. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Defendants repeatedly and deliberately misconstrued and reconstructed questions for the sole purpose of providing an evasive answer. Defendants', collectively, overwhelmingly *failed* to produce 100% of

11

requests for documents and *failed* to answer 64% of Interrogatories despite their promise "to ensure complete and accurate responses" if the Court granted them an extension of time. Almost all of the other interrogatories that Defendants answered are not acceptable responses. Plaintiff will not address that in this motion. Plaintiff specifically addresses, in red ink, each of the delinquent Interrogatory answers listed below, for only Defendants UMMS and UMMS, in Attachment 1 to avoid overloading this motion with unanswered Interrogatories. Plaintiff only adds red ink to Defendants UMMS and UMMC because the pattern of boilerplate objections is blatantly obvious for each and all Defendants. Defendants objections to requests for documents are boilerplate thus should be waived so Plaintiff will not redline any of Attachment-2. Defendants have no good cause for not producing a single document by their deadline.

### Defendant Linda Goetz

**Failure to Respond.** Her responses were absent, evasive or incomplete to 15 of 25 questions or 60%; interrogatories # 1-4, 7-8, 14-15, 17-21, 24. Produced not a single document.

### Defendant Lisa Rowen

**Failure to Respond.** Her responses were absent, evasive or incomplete to 14 of 25 questions or 56%; interrogatories # 1-2, 5-7, 9, 11, 14-15, 20, 22-25. Produced not a single document.

### Defendant UMMC

**Failure to Respond.** UMMC responses were absent, evasive or incomplete to 20 of 25 questions or 80%; interrogatories # 1-4, 6-15, 17-20, 23-24. Produced not a single document.

### Defendant UMMS

**Failure to Respond.** UMMS responses were absent, evasive or incomplete to 15 of 25 questions or 60%; interrogatories # 2-4, 6-9, 11-13, 17-19, 24-25. Produced not a single document.

## WAIVER OF ALL OBJECTIONS

"[C]ase law states that objections to discovery, including Rule 33 interrogatories and Rule 34 document production requests, must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate a basis for the objection. *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38-39 (D. Md. 2000)." *Anderson v. Reliance Standard Life Ins. Co.*, Civil Case No. WDQ-11-1188 (D. Md. Oct. 11, 2011). Failure to provide specific and particularized objections can constitute a waiver of objections. Additionally, Defendants assert privilege without particularizing its assertion or providing a privilege log. Objections based on privilege must be particularized pursuant to Rule 26(b)(5), and accompanied by the information this Court's Discovery Guidelines require. Failure to properly assert a privilege can constitute the waiver of that privilege or work product protection. *Victor Stanley, Inc. v Creative Pipe, Inc.*, 250 F.R.D. 251, 267 (D. Md. 2008).

Defendants asked this Court to "[a]llow[] Defendants additional time" to provide answers and responses by March 2, 2020 so that Defendants could "ensure complete and accurate responses" so discovery would "be completed in a more just and speedy manner because it w[ould] avoid unnecessary discovery disputes about potentially incomplete responses." (ECF 57). To the contrary, all Defendants provided boilerplate objections for all, or most, of their answers or responses instead of the "complete and accurate responses" that they promised the Court.

Defendants' bad-faith conduct of providing boilerplate objections in lieu of complete and accurate responses warrants waiver of all their objections and sanctions for disobeying this Court's order. For all the reasons in this motion, Plaintiff respectfully asks this Court to waive or strike all of Defendants' objections, including each "general objections" section, and compel Defendants to properly and promptly answer and respond to Plaintiff's outstanding requests.

## ATTORNEY'S SIGNATURE REQUIRED

Rule 26(g) requires the physical signature of an attorney for any objections to be valid on discovery responses not filed with the Court. There is not a signature of any attorney on any of Defendants' discovery responses. This Court has approved electronically signing documents filed through CM/ECF but has not relieved attorneys of their duties to **certify** their objections, not filed with the Court, by way of signing as prescribed in Fed. R. Civ. P. 26(g) which states:

> (1)[E]very discovery request, response, or objection must be signed by at least one attorney of record **in the attorney's own name**….By signing, an attorney [] **certifies** that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:…(B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii)neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
> (2) **Failure to Sign.** Other parties have no duty to act on an unsigned [] objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's [] attention. (bold underline emphasis added).
> (3) **Sanction for Improper Certification.** If a certification violates this rule without substantial justification, the court, on motion or on its own, **must** impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. (bold underline emphasis added).

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests this Court to enter an Order compelling all Defendants to fully and completely respond promptly to Plaintiff's propounded Interrogatories and Requests for Production of Documents, and waiver of all of Defendants' objections to those.

March 10, 2020

>                     Respectfully Submitted,
>                     _____/s/_____
>                     Jamie D. Travis (Bar No. 99692)
>                     Gibbs Travis, PLLC
>                     210 East Capitol Street, Suite 1801
>                     Jackson, Mississippi 39201
>                     Phone: (601) 487-2621

Fax: (601) 366-4295
jtravis@gibbstravis.com
*admitted Pro Hac Vice

Lorenzo Williams (Bar No. 249874)
Gary Williams Parenti Watson and Gary, PLLC
221 SE Osceola St.
Stuart, FL 34944
Phone: (772) 283-8260
Fax: (772) 287-8494
lw@williegary.com
*admitted Pro Hac Vice

Terris C. Harris (Bar No. 99433)
Maples Harris, PLLC
198 Charmant Place, Suite 2
Ridgeland, MS 39157
Phone: (601) 790-7600
Fax: (866) 860-3857
terris@maplesharris.com
*admitted Pro Hac Vice

Pat M Woodward Esq Counselor at Law (Federal No. 16620)
1783 Forest Dr. No. 330
Annapolis, MD 21401
Phone: (202) 246-4679
Fax: (410) 216-9812
patmwoodwardjr@gmail.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I, Jamie D. Travis, attorney for Plaintiff Dr. Faresha Sims, do hereby certify that I have this day caused to be served a true and correct copy of the above foregoing to all counsel of record using the CM/ECF system.

This 10th day of March, 2020.

_____/s/_____
JAMIE D. TRAVIS