IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FARESHA SIMS, | * |
| Plaintiff, | |
| | * |
| v. | Civil Case No. CCB-19-295 |
| | * |
| UNIV. OF MARYLAND MEDICAL SYSTEM CORPORATION, *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In 2019, Plaintiff Dr. Faresha Sims filed this action against her former employer, the University of Maryland Medical System Corporation ("UMMS") and two of its employees. After presiding over the litigation for over three years, on June 23, 2022, United States District Judge Catherine C. Blake entered a memorandum and order granting summary judgment in favor of Defendants. ECF 191, 192. Dr. Sims filed a motion to alter or amend judgment, ECF 195, which Judge Blake denied the same day it was filed. ECF 196. Subsequently, Dr. Sims filed a motion seeking Judge Blake's recusal from any further participation in this case, citing two statutory provisions, 28 U.S.C. §§ 144 and 455.[1] ECF 197. The Chief Judge of this Court, United States District Judge James K. Bredar, referred this matter to me to decide the motion for recusal. ECF 202. I have reviewed all of the relevant materials, including the parties' briefing. ECF 197, 210, 212. I have determined that Dr. Sims's affidavit is insufficient to warrant Judge Blake's recusal

---

[1] Though not material to my determination of this motion, I note that with judgment now entered in favor of Defendants, there is no present need for a district judge to make further substantive rulings in this case while it is pending appeal. And if the Fourth Circuit affirms Judge Blake's rulings, there will be no need for her further participation at all.

under 28 U.S.C. § 144, and that the motion for recusal under 28 U.S.C. § 455 must be considered by Judge Blake herself.

> 28 U.S.C. § 144 provides:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Initially, Dr. Sims does not have counsel of record, so the certificate requirement is inapplicable. Additionally, because this Court no longer operates on a "term" system, the precise ten-day requirement is unenforceable. Courts do, however, enforce the general requirement of "timeliness." As the Fourth Circuit has explained:

> Timeliness is an essential element of a recusal motion. It is explicit in § 144, which requires a "timely and sufficient affidavit." It is judicially implied in § 455. *See Delesdernier v. Porterie*, 666 F.2d 116, 121 (5th Cir.), *cert. denied*, 459 U.S. 839 (1982), ("[T]imeliness may not be disregarded in all cases regarding disqualification under § 455(a).") (footnote omitted); *Satterfield v. Edenton–Chowan Bd. of Ed.*, 530 F.2d 567, 574–75 (4th Cir. 1975) (timeliness required in all recusal contexts). In general, "[o]ne must raise the disqualification of the ... [judge] at the earliest moment after knowledge of the facts." *Satterfield*, 530 F.2d at 574–75.

*United States v. Owens*, 902 F.2d 1154, 1155-56 (4th Cir. 1990).

The initial question, then, is whether Dr. Sims timely filed this motion seeking Judge Blake's recusal. In the overall context of this case, the motion is certainly untimely. Judge Blake has presided over this case since March of 2019, and Dr. Sims did not seek her recusal until after Judge Blake's dispositive ruling in favor of Defendants in June of 2022. It can be inferred, then,

that nothing about Judge Blake's many rulings in the three years between March of 2019 and June of 2022 suggested any unfair bias or prejudice. Because it appears, however, that the basis for this recusal motion rests entirely on the content of Judge Blake's granting of summary judgment for Defendants, and ensuing events involving a motion to alter or amend, the motion is arguably timely because it was filed shortly after those rulings were made.

While the fact that the motion rests entirely on Judge Blake's recent rulings is helpful as to its timeliness, it is fatal as to its sufficiency. Recusal of a judge is an unusual and extraordinary circumstance, required only "in the most extreme of cases." *United States v. Cherry,* 330 F.3d 658, 665 (4th Cir. 2003) (quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986)). The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Instead, "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal." *Id*. Thus, a proponent of recusal must show an extrajudicial source of personal bias or prejudice, not simply disagreement with the timing, form, or content of a judge's ruling. *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) ("The alleged bias must derive from an extra-judicial source. ... The nature of the judge's bias must be personal and not judicial."). As the Fourth Circuit has cautioned, "while recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011).

Under that standard, the declaration Dr. Sims filed does not suffice to establish the bias or prejudice required under 28 U.S.C. § 144. The one-page declaration consists largely of conclusory statements lacking in factual support. *See* ECF 197-4 ¶ 2 ("Judge Catherine C. Blake is

intentionally favoring the Defendants in this instant case."); *id.* ¶ 3 ("Judge Catherine C. Blake's bias or prejudice toward Dr. Sims or favor toward Defendants is the only reason that Dr. Sims's case was closed."); *id.* ¶ 6 ("Judge Catherine Blake can do whatever she chooses in this case even if it violates the law because she has absolute immunity as a judge."). The declaration cites only two actual facts that Plaintiff posits establish bias: "Judge Blake denied Dr. Sims's Rule 59(e) motion less than 4.5 hours after docketed", *id.* ¶ 4, and "Judge Blake relied on Defendants' improper Exhibit 70," *id.* ¶ 5. Both of those facts relate to Judge Blake's judicial rulings, not to an extrajudicial source suggesting that she is prejudiced or biased.[2]

Moreover, Judge Blake's prompt review of Plaintiff's Rule 59(e) filing does not suggest impropriety. More than four hours is ample time to have permitted Judge Blake to review the filing and to determine that it simply reiterated arguments already presented to the Court. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion."); *see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). And while it is true that Judge Blake denied Plaintiff's motion to strike Defendants' Reply memorandum, including Exhibit 70, Plaintiff does not explain how Judge Blake "relied on Defendants' improper Exhibit 70." ECF 197-4 ¶ 5. In fact, there do not appear to be any citations to Exhibit 70 (or its ECF number, 186-3) in Judge Blake's memorandum opinion granting Defendants' motion to for summary judgment. ECF 191. Thus, neither of the two ruling-based facts cited in Plaintiff's declaration suggests improper bias

---

[2] Plaintiff includes a variety of additional arguments in her briefing that are absent from her declaration. Those arguments pertain to various errors she alleges Judge Blake made in her memorandum opinion granting Defendants' motion for summary judgment. *See* ECF 197 at 7-8, ECF 212 at 6-20. Accordingly, even if those arguments were to be incorporated into her declaration, they would remain insufficient to warrant recusal under 28 U.S.C. § 144.

or prejudice on the part of Judge Blake.

Because Dr. Sims's declaration is not sufficient to show bias or prejudice, 28 U.S.C. § 144 does not require Judge Blake's recusal from further matters in this case. The other statute Dr. Sims cites in support of her recusal motion, 28 U.S.C. § 455, is self-executing because it lists the circumstances under which a judge must disqualify herself. Thus, it would be inappropriate for this Court to analyze whether Judge Blake should recuse herself under that statute. *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (stating that a motion under § 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"). Because her recusal under § 144 is not warranted, she can consider the provisions of § 455 to determine whether any further action is needed. This Court therefore DENIES IN PART the motion for recusal under 28 U.S.C. § 144 and defers to Judge Blake's determination as to the remainder of the motion under 28 U.S.C. § 455.

A separate Order follows.

                                                      /s/
                                      Stephanie A. Gallagher
                                      United States District Judge